# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TANEISHA TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-CV-0744-CVE-FHM |
| | ) |
| STANLEY GLANZ, Sheriff of Tulsa County, | ) |
| in his personal capacity, and official capacity, | ) |
| TULSA COUNTY BOARD OF COUNTY | ) |
| COMMISSIONERS, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is defendant Glanz's Partial Motion to Dismiss Plaintiff's §1981 Claim and Claims for Punitive Damages and Brief in Support (Dkt. # 12).[1] In her amended complaint (Dkt. # 5), plaintiff Taylor alleges seven claims for relief arising out of her employment and termination. Defendant Glanz asks the Court to dismiss Taylor's 42 U.S.C. § 1981 claim and Taylor's claims for punitive damages under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII), the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq. (the ADA), and 42 U.S.C. § 1983. In her response to the motion to dismiss (Dkt. # 14), Taylor stipulated to dismissal of her § 1981 claim and her claims for punitive damages under Title VII and the ADA. Dkt. # 14, at 1-2.

---

[1] The motion is not partial; the motion is to dismiss plaintiff's claims in part.

Therefore, the only portion of the motion to dismiss that remains at issue is the punitive damages claim against Glanz under § 1983.[2]

**I.**

The following facts alleged in the amended complaint are taken as true for the purpose of Glanz's motion to dismiss. Taylor is an African-American female. She was an employee of a defendant from 2005 to January 14, 2008.[3] Dkt. # 5, at 3. For at least part of that time, she was a detention officer.

Taylor alleges that she was subjected to a racially hostile work environment where Caucasian officers would routinely use racially offensive language in front of her. She complained to her supervisors, who took no corrective action and, instead, demoted her and forced her to work in the Housing Department. Id. She also alleges that she was disciplined more severely and treated less favorably than her Caucasian coworkers, and that she was repeatedly denied promotions and positions for which she was qualified. Id. She alleges those positions were given to less-qualified

---

[2]   This case is substantially similar to Hodge v. Glanz, No. 09-CV-00744-CVE-FHM, in which the same attorneys as in this case filed a seven-count complaint against the same defendants as in this case, alleging violations of Title VII, § 1981, § 1983, and the ADA. 09-CV-00744-CVE-FHM, Dkt. # 2. Glanz filed a Partial Motion to Dismiss Plaintiff's § 1981 Claim and Claims for Punitive Damages and Brief in Support (09-CV-00744-CVE-FHM, Dkt. # 11), seeking dismissal of the plaintiff's § 1981 claim and claims for punitive damages under Title VII, § 1983, and the ADA. The plaintiff filed a response (09-CV-00744-CVE-FHM, Dkt. # 13), in which he stipulated to dismissal of the § 1981 claim and the punitive damages claims under Title VII and the ADA. The Court determined that plaintiff could not state a claim for punitive damages against Glanz in his official capacity, but could state such a claim against Glanz in his individual capacity. 09-CV-00744-CVE-FHM, Dkt. # 17, at 4.

[3]   Taylor's amended complaint states that she was employed by "Defendant," but not which defendant, nor does it state what her position(s) were.

Caucasian officers. Id. at 4. She also alleges that she has lupus and that her employer refused to accommodate this disability and terminated her employment on January 14, 2008. Id.

Taylor's amended complaint alleges claims for: race-based discrimination in violation of Title VII (the first claim for relief); disability-based discrimination in violation of the ADA (the second claim for relief); failure to ensure a non-hostile work environment in violation of Title VII (the third claim for relief); terminating her employment in violation of § 1981 (the fourth claim for relief); disparate impact in violation of Title VII (the fifth claim for relief); retaliation in violation of Title VII (the sixth claim for relief); and violation of § 1983 (the seventh claim for relief). Dkt. # 5. Taylor requests punitive damages in connection with her first through sixth claims for relief. Id. at 4-9. Taylor's seventh claim for relief does not include a prayer for damages. Id. at 9. However, it is clear that Taylor intends to seek punitive damages on this claim. See Dkt. # 14, at 3-4.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, the United States Supreme Court recently held that Twombly

3

"expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Glanz asks the Court to dismiss Taylor's § 1981 claim and claims for punitive damages as to Taylor's remaining claims against Glanz. Taylor concedes that her § 1981 claim and her claims for punitive damages under Title VII, the ADA, and § 1983 against Glanz in his official capacity should be dismissed, but argues that she may be able to obtain punitive damages against Glanz in his individual capacity under § 1983. Dkt. # 14, at 1-2.

The law is settled that a plaintiff may not recover punitive damages against a municipality under §1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 270-71 (1981); Youren v. Tintic School Dist., 343 F.3d 1296, 1307 (10th Cir. 2003). A claim against a sheriff in his official capacity is treated as claim against a municipality, and punitive damages are not available in a § 1983 claim against a sheriff in his official capacity. Minix v. Canarecci, 597 F.3d 824, 830 (7th Cir. 2010); Colvin v. McDougall, 62 F.3d 1316, 1319 (11th Cir. 1995). However, a plaintiff may be able to

recover punitive damages against a sheriff in his individual capacity, because a suit against a sheriff in his individual capacity is not treated as a claim against the municipality. See Smith v. Wade, 461 U.S. 30 (1983); Gaines v. Choctaw County Comm'n, 242 F. Supp. 3d 1153 (S.D. Ala. 2003); Scheideman v. Shawnee County Bd. of County Commr's, 895 F. Supp. 279, 283 (D. Kan. 1995). In this case, Taylor is seeking punitive damages against Glanz in his official and individual capacities. While Taylor may not recover punitive damages against Glanz in his official capacity, her demand for punitive damages against Glanz in his individual capacity is not barred as a matter of law, and she should be permitted to proceed with that aspect of her § 1983 claim.[4]

**IT IS THEREFORE ORDERED** that defendant's Partial Motion to Dismiss Plaintiff's § 1981 Claim and Claims for Punitive Damages and Brief in Support (Dkt. # 12) is **granted in part** and **denied in part**. Plaintiff's § 1981 claim is **dismissed**, and plaintiff's claims for punitive damages against Glanz under Title VII, the ADA, and Glanz in his official capacity under § 1983 are **dismissed**. However, defendant's motion is denied as to dismissal of plaintiff's claim for punitive damages under § 1983 against Glanz in his individual capacity.

**DATED** this 16th day of April, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4] Glanz states that "[a]s a matter of law, employment discrimination plaintiffs may not request punitive damages when they have named the sheriff in his individual capacity." Dkt. # 12, at 4. This statement is contained within Glanz's argument that a plaintiff may not sue a municipal employer for punitive damages, and the reference to the sheriff's "individual" capacity appears to be a typographical error. This conclusion is supported by Glanz's reference to Colvin, which held that a plaintiff may seek punitive damages under § 1983 against a sheriff in his individual capacity, but the court found that the plaintiff had sued the sheriff in his official capacity only. Colvin, 62 F.3d at 1219.

5